# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50118

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

JUAN AGUILAR,

> Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before REAVLEY, JOLLY, and ELROD, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

During jury selection at Juan Aguilar's trial for sexual abuse of a ward, the district court restricted the time for Aguilar to complete the peremptory challenge form, which listed which jurors he wished to challenge. Aguilar contends that, for this reason, he was able to exercise only nine peremptory challenges, instead of the eleven to which he was entitled. On appeal, Aguilar argues that imposing this limited time was error and that this error justifies reversal of his conviction. We disagree, and therefore affirm the jury verdict and the judgment.

No. 15-50118

I.

On September 15, 2014, the district court conducted voir dire. At the opening of court that morning, the court first entertained several motions and then proceeded to question the jury at length. These questions included extensive questioning about whether jurors could be impartial even though the defendant was accused of sexually assaulting someone of the same sex. After the questioning, twelve jurors were stricken for cause or excused.

At approximately 12:43 PM, the court told the jurors that "[t]he lawyers need to submit their strikes to the jury clerk and go through the list and compile the names of the selected jurors, so that is going to take us about five minutes or so." The court recessed the jury for between seven and ten minutes. During this recess, the court instructed the parties to write down their peremptory challenges. The government complied, and used all eight of its peremptory strikes; Aguilar had twelve strikes but supplied only nine names.[1] Aguilar's counsel wrote "we need more time" on his form before returning it to the jury clerk.

After the jury returned from recess, the courtroom deputy read a list of fourteen names and asked those jurors to come forward. The district court then asked the parties if there were any objections, and defense counsel responded, "Other than to not being able to complete our list, Your Honor, we do object to that. We were working as hard as we could." The district court noted and overruled the objection and the courtroom deputy swore in the impaneled jurors. The district court excused the remaining venire members and recessed for lunch sometime after 1:00. The trial began promptly after lunch.

---

[1] Aguilar was only statutorily entitled to eleven strikes, but the court provided twelve. *See* Fed. R. Crim. P. 24(b)(2), (c)(4)(A)

2

No. 15-50118

## II.

The parties dispute the proper standard of review. Aguilar argues that the challenge is reviewed de novo, citing *United States v. Brigham*, 569 F.3d 220, 224 (5th Cir. 2009). We assume without deciding that Aguilar is correct because the district court did not err under any standard of review.

## III.

Aguilar argues that the district court, by allowing him only minutes to make his peremptory challenges, denied his "right to meaningfully and intelligently exercise the peremptory challenges to which he was entitled." *See United States v. Delgado*, 350 F.3d 520, 524 (6th Cir. 2003). This argument, however, does not capture the nature of voir dire in an active trial.

The trial began in the morning, most of which consisted of voir dire and impaneling the jury. The morning of examining the witnesses during voir dire was ample time to consider and make decisions about which jurors to strike. Indeed, consideration of which jurors to strike could have begun well before voir dire, using all information he possessed about the potential jurors. With proper preparation and effective use of his time, Aguilar could have prioritized which jurors he most wanted to strike, and could have used the recess only to submit the names of those jurors. We observe that the government apparently had no trouble responding in a timely manner.

Here, when voir dire began in the morning, the jury had been extensively questioned, and jurors had been examined and challenged for cause, it was neither legal error nor an abuse of discretion for the court to require Aguilar to have his selections ready by the close of voir dire. Thus, any failure to exercise all statutorily granted strikes might well be ascribed to irresolute counsel and not to a resolute district court.

Accordingly, the judgment is, in all respects,

AFFIRMED.

3

No. 15-50118

JENNIFER WALKER ELROD, Circuit Judge, concurring in the judgment:

Aguilar conceded at oral argument that any error was not automatically reversible but rather subject to harmless error analysis. Because it is uncontroverted that the impaneled jury was impartial, and the evidence of Aguilar's guilt was overwhelming, Aguilar's substantial rights were not violated and any error was harmless. *See* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). Accordingly, I concur in the judgment.